COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 JOSE
 GONSALES SALINAS,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00193-CR
  
 Appeal from the
  
 238th
 District Court
  
 of Midland
 County, Texas
  
 (TC#
 CR26372)
 
 




 

 

O P I N I O N

 

This is an appeal from a conviction
for the offense of possession of cocaine. 
Appellant pleaded guilty to the court and the court assessed punishment
at eight (8) years= community supervision and a fine of $1,500.  For the reasons stated in this opinion, we
reverse the judgment of the trial court. 

I.  SUMMARY OF THE EVIDENCE

At the hearing on the motion to
suppress the evidence, Officer Jesse Franco testified that on October 13, 2000,
he was employed by the Andrews Police Department and was assigned to the Trans
Pecos Drug Task Force.  On that date he
drew up a search and arrest warrant for a house located at 406 Cowden Street in
Midland, Texas.  The affidavit in support
of the search warrant stated in relevant part:








2.  THERE IS AT
SAID SUSPECTED PLACE AND PREMISES, PROPERTY CONCEALED AND KEPT IN VIOLATION OF
THE LAWS OF THE STATE OF TEXAS AND DESCRIBED AS FOLLOWS:  COCAINE, PHOTO COPIED CURRENCY.

 

3.  SAID
SUSPECTED PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY EACH OF THE
FOLLOWING PERSONS: COSME 
ULN W/M, ANGELA ALDACO NAVARRETE DOB 08-02-56 AND PERSON(S)
UNKNOWN AT SAID RESIDENCE.  

 

4.  IT IS THE
AFFIANT=S BELIEF AND AFFIANT HEREBY CHARGES AND ACCUSES,
THAT:  On or about October 13th, and on
or about the above described premises, the above named and/or described
individual(s) did then and there, intentionally and knowingly possess against
the laws of the State of Texas and were in the possession of A USABLE AMOUNT OF
COCAINE.

 

5.  AFFIANT HAS
PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

 

ON FRIDAY, OCTOBER 13, 2000, AFFIANT RECEIVED
INFORMATION FROM A CONFIDENTIAL INFORMANT, HERINAFTER (sic) CALLED C.I, WHOSE
IDENTITY MUST REMAIN CONFIDENTIAL DUE TO THE FACT THAT DEATH OR SERIOUS BODILY
HARM WOULD OCCUR TO C.I. IF IDENTITY WERE DISCLOSED.  C.I. PURSHASED (sic) A USABLE AMOUNT OF
COCAINE FROM DESCRIBED PREMISES WITHIN THE LAST 48 HOURS OF THIS DATE.  SAID COCAINE FIELD TESTED POSITIVE FOR
COCAINE.  C.I. HAS PURCHASED QUANTITIES
OF THE ABOVE NAMED CONTROLLED SUBSTANCE NUMEROUS TIMES IN THE PAST THEREFOR
C.I. IS FAMILIAR WITH LOOK, ODOR, AND METHODS BY WHICH COCAINE IS INGESTED INTO
THE HUMAN BODY.  ALSO C.I. HAS GIVEN
INFORMATION TO AFFIANT WHICH HAS PROVED TRUE, RELIABLE AND CORRECT AT LEAST TWO
TIMES.  C.I. HAS PERSONAL KNOWLEDGE THAT
RESIDENCE IS OCCUPIED BY ABOVE SUSPECT COSME ULN W/M.  IT IS ALSO AFFIANT=S BELIEF THAT MORE COCAINE EXISTS AT AFORE MENTIONED
RESIDENCE. 

 

During the course of his testimony,
Franco stated that when he and three other officers executed the search and
arrest warrant on October 13, 2000 at 10:55 p.m., they did not Aknock and announce.@ 
They broke the door down and entered the residence.  Franco testified that:








We believed that if we would have made a knock and
announce, we -- evidence may be destroyed or it would have given them time for
the suspect to possibly pull a weapon.  

 

When they entered the house, the
officers found Appellant and Angela Navarette inside.  They were subdued and the officers searched
the house.  In the bedroom under the bed,
they found cocaine in a white napkin. 
They found two baggies of cocaine lying in front of the television.  Also in the bedroom were two crack cocaine
pipes and a spoon which contained a white powdery substance.  Franco searched Appellant and found two five
dollar bills that had been used to purchase cocaine at the house.  Marijuana residue was found in an ashtray on
the headboard of the bed.  After one of
the other officers saw the residue of a white powdery substance in a red truck
belonging to Appellant he consented to a search of the pickup.  

During cross-examination, Franco
testified that he had executed five search warrants including the one in the
present case.  He had only been executing
such warrants for three to four months. 
He stated that he was unaware that he was obligated to knock and
announce his and the other officer=s presence prior to entering the
house.  He had executed all of the other
warrants without any prior announcement before entering the house.  Franco stated that it was his understanding
that when he obtained a warrant, it was permissible to just break down the door.  








Lieutenant Lorenzo Arredondo
testified that he worked for the Reeves County Sheriff=s Department and he was assigned to
the Trans Pecos Drug Task Force.  He was
Officer Franco=s supervisor.  He arrived at the house five minutes after
the door was broken down.  Arredondo
assisted in the search of the house.  He
testified that he was aware of the requirement to announce before entering a
location that is the subject of the search warrant.  He had not instructed Franco regarding this
requirement.  Arredondo stated that if
there was prior information that a suspect at a residence had weapons, a
tactical team would be called out to assist in executing the warrant.  When he arrived at the location, there was no
tactical team present.  Arredondo stated
that he did not have any specific information that Appellant had weapons in the
house.  

II.  DISCUSSION

In Issue No. Two, Appellant asserts that the
court erred by overruling his motion to suppress the evidence in that the
officers unreasonably executed the search and arrest warrant by failing to
properly announce their presence and purpose prior to entry of Appellant=s home.  Ordinarily, we review a trial court=s evidentiary ruling for an abuse of
discretion.  See Oles
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  In
this case, however, we are presented with a question of law based upon
undisputed facts.  Therefore, we review
de novo whether the trial court correctly applied the law to the undisputed
facts.  Id.; Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  An appellate court will
sustain a judge's ruling that evidence is admissible if there is any basis to
support it.  Carter
v. State, 700 S.W.2d 289, 291-92 (Tex. App.‑‑Dallas 1985, pet. dism'd). 
Therefore, if the record shows a reasonable basis for denying a motion
to suppress, the appellate court will uphold it, even if the trial court's
grounds for denying the motion were erroneous. 
Id.













In Wilson v. Arkansas, 514
U.S. 927, 115 S.Ct.1914, 131 L.Ed2d 976 (1995), the United States Supreme Court
held that the Fourth Amendment of the United States Constitution incorporated
the common-law requirement that law enforcement personnel entering a dwelling
must knock on the door prior to entry and announce their identity and purpose
before attempting any forcible entry.  Wilson,
514 U.S at 936, 115 S.Ct
at 1919.  In Richards v. Wisconsin, 520
U.S. 385, 117 S.Ct 1416, 137 L.Ed.2d 615 (1997), the
United States Supreme Court held that it was not permissible to adopt a per se
exception to the "knock and announce" principle for felony drug
cases.  In doing so, the Richards
court acknowledged that felony drug investigations frequently involve both a
danger of physical violence to police as well as a danger that evidence will be
destroyed.  Richards,
520 U.S. at 394; 117 S.Ct. at 1421.  Despite these general dangers, the Court
concluded it was constitutionally impermissible to dispense with the knock and
announce requirement based solely on the fact a felony drug search warrant was
being executed.  Richards, 520
U.S. at 395, 117 S.Ct. at 1422.  Rather, in each case, an officer must have
reasonable suspicion that knocking and announcing their presence, under the
particular circumstances, would be dangerous or futile, or that it would
inhibit the effective investigation of the crime by, for example, allowing the
destruction of evidence.  Richards, 520
U.S. at 394, 117 S.Ct at 1421.  The standard of showing these circumstances
is not high but the police should be required to make it whenever the
reasonableness of a no-knock entry is challenged; thereby placing the burden of
proof upon the State when such a challenge occurs.  Richards, 520 U.S. at 394-95, 117 S.Ct. at 1422.      After
reviewing the record, we conclude the State failed to carry its burden to
present facts particularized to this case to show that the police had
reasonable suspicion that knocking and announcing would be dangerous or would
lead to the destruction of evidence.  The
record shows the police did not knock and announce because of generalized
concerns about their safety and the destruction of evidence.  There is no indication in the affidavit or
the search and arrest warrant of any particularized concern.  Furthermore, our review of the record does
not otherwise reveal any particularized circumstances that would justify a no
knock entry. Specifically, there was no evidence police had any information
that weapons were at the residence or that anyone present at the residence was
armed or dangerous.  Franco=s statement of concern about the
destruction of evidence and the existence of weapons seems to be a generalized
concern; especially given his lack of understanding concerning the requisites
of executing a search warrant.  Nor was
there any evidence the police had any information regarding the location or
amount of drugs such that they could reasonably suspect the drugs could be
easily destroyed.  We conclude the State
did not show the unannounced entry was justified.  The stated reason for the unannounced entry
is constitutionally impermissible.  Thus,
the search of Appellant's residence violated the Fourth Amendment.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2002) requires the suppression
of all evidence obtained in violation of the United State=s Constitution.  Because the warrant in this case was
unlawfully executed, the trial court erred in overruling Appellant's objection
and admitting the evidence obtained in the search. 








Having found constitutional error in
the admission of the evidence, we must reverse the conviction unless we
conclude beyond a reasonable doubt that the error made no contribution to the
conviction or the punishment.  Tex. R. App. P. 44.2(a).  In this instance, the complained-of evidence
includes the cocaine which Appellant was charged with possessing.  As such, the error contributed to Appellant=s conviction.  See McQuarters
v. State, 58 S.W.3d 250, 258 (Tex. App--Fort Worth 2001, pet. ref=d). 
We sustain Issue No. Two. 

Having sustained
Appellant=s Issue No. Two, we find it unnecessary to
address Issue No. One. 
We reverse the judgment of conviction and remand this cause to the trial
court for further proceedings consistent with this opinion.  

June
13, 2002

 

 

 

RICHARD BARAJAS, Chief Justice

 

Before
Panel No.3 

Barajas,
C.J., Larsen, and McClure, JJ.

 

(Do
Not Publish)